# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA HERMOSILLO OBO MINOR V.M., | Case No. 1:23-cv-01467-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE |
| | (ECF No. 9) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Aida Hermosillo, on behalf of minor, V.M. ("Plaintiff"),[1] filed a complaint on October 12, 2023, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits. (ECF No. 1.)  Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)  Based on the initial application, the Court found it could not determine from the information provided if Plaintiff is entitled to proceed in this action without prepayment of fees.  On October 16, 2023, the Court denied the application without prejudice and ordered

---

[1] For purposes of the application to proceed *in forma pauperis*, the Court refers to the primary applicant Aida Hermosillo as Plaintiff.

Plaintiff to file a long form application.  (ECF No. 4.)  On November 3, 2023, Plaintiff filed a long form application.  (ECF No. 5.)  Finding Plaintiff failed to provide the Court with complete and accurate information regarding her household income and expenses, the Court ordered Plaintiff to file a revised long form application on November 6, 2023.  (ECF No. 6.)  On November 22, 2023, Plaintiff filed a revised long form application.  (ECF No. 9.)  For the reasons discussed herein, the Court shall recommend Plaintiff's application to proceed IFP be denied.

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating they are "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute to proceed in forma pauperis and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).  Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In her revised long form application, Plaintiff first proffers that the average monthly income of her household over the past twelve months totals $4,762.00 from the following

sources: (1) $2,906.00 from her employment; (2) $768.00 from child support; and (3) her spouse's $1,088.00 in disability.  (ECF No. 9 at 1-2.)  Plaintiff proffers she does not expect changes to her household monthly income over the next 12 months.  (Id. at 5.)

Plaintiff's household includes her spouse and one dependent.  (Id. at 3.)  Plaintiff claims expenses in the amount of: (1) $937 for home-mortgage payment; (2) $600 for utilities; (3) $900 for food; (4) $200 for clothing; (5) $500 for transportation; (6) $200 for recreation; (7) $50 for homeowner's insurance; (8) $300 for auto insurance; (9) $120 in property taxes; (10) $500 car payment; and (11) $200 for a credit card.  (Id. at 4.)  This totals $4,507 per month in claimed expenses.

Plaintiff also claims the following assets: (1) a home proffered to be valued at $260,000; (2) a 2021 Nissan Frontier proffered to be valued at $28,000; and (2) a 2015 Chrysler 300 proffered to be valued at $7,000.  (Id. at 3.)  Plaintiff claims to currently have $50.00 cash and $250.00 in a "savings/checking" account.  (Id. at 2.)

The Court finds the information contained in Plaintiff's revised application is inconsistent with a finding of poverty based on such income, stated expenses, and stated assets.  Plaintiff's annual household income is $57,144.00, which exceeds the poverty guideline for a three-person household ($24,860).  2023 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited November 27, 2023).  Further, while recognizing Plaintiff makes monthly payments on her car and mortgage, Plaintiff's claimed savings, cash, and assets exceed $295,000.  Plaintiff's income and assets therefore reflect that Plaintiff can pay the $402.00 filing fee for this action.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed in forma pauperis be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **November 27, 2023**

UNITED STATES MAGISTRATE JUDGE